A. J. Monday Company, Appellant, vs. Automobile, Aircraft & Vehicle Workers of America, Local No. 25, and others, Respondents.

*March 13—June 1, 1920.*

*Injunction: Use in labor disputes: Strike for closed shop: Constitutional law: Right of employer to hire whom he pleases: Appeal: Record not containing evidence or findings of fact: Disposition of appeal.*

1. The right of an employer to exercise his constitutional privilege as to whom he will employ is established in this state.

2. Ch. 211, Laws 1919, providing that no restraining order or injunction shall issue in disputes "concerning terms or conditions of employment," is inapplicable to a strike purely and simply for a closed shop, there being no complaint as to the conditions under which employees were required to work or the wages paid.

3. It is within the peculiar province of the trial court to determine the facts to which the law is to be applied, and, where the record does not contain all of the evidence upon which a final determination of the facts must rest, an order appealed from will stand.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The plaintiff is engaged in the business of building, painting, and trimming automobile bodies. The defendant, the *Automobile, Aircraft & Vehicle Workers of America, Local No. 25,* is a voluntary unincorporated organization of men working as employees in connection with the building, painting, and trimming of automobile bodies and similar products. The other defendants are officers, agents, or representatives of *Local No. 25,* and are not now and have not been at any of the times hereafter referred to employees of the plaintiff.

On or about September 5, 1919, *Local No. 25* called a strike of the plaintiff's employees because the plaintiff refused the demand made by *Local No. 25* to establish a closed shop and a union shop committee. December 22, 1919, this action was begun, and upon a verified complaint supported by affidavits there was issued a temporary restraining order prohibiting *Local No. 25,* the other defendants, and their employees, servants, and agents, from doing certain things complained of. Subsequently, upon an amended complaint, the plaintiff moved the court to amend the order of December 22, 1919, in certain particulars hereafter referred to. At the same time certain of the defendants moved to vacate the order of December 22d. The two motions were heard together, and upon the hearing the following facts appeared substantially without dispute: That the business of *A. J.*

*Monday Company* and of A. J. Monday, its predecessor, had been established about fifteen years; that at the time of the calling of the strike the plaintiff was employing twenty-five employees, but not since the first three weeks of the strike were any of the men who had been doing picketing and patroling former employees of the plaintiff; that none of the defendants were in the employ of the plaintiff at the time of the calling of the strike, and only one of them had ever at any time been in the plaintiff's employ; that the strike was called to enforce the demand for a closed shop and a union shop committee. It further appeared that there was no controversy as to wages, hours, or the conditions under which the work was done in the factory; that through the efforts of the defendants the plaintiff had lost a considerable volume of business; that of the twenty-five men employed by the plaintiff at the time of the commencement of the strike thirteen remained with the plaintiff continuously; that all of the pickets were employed and paid by *Local No. 25;* that the strike was called by *Local No. 25;* that it had not been conducted by the employees of the plaintiff for more than six weeks prior to the hearing; that such of the former employees of the plaintiff as had left at the time the strike was called are employed and working at other places; that not all of the men who struck were members of the union, and that those who were not had not become members of the union since the strike. That at or about the same time a strike was called at five plants in the city of Milwaukee, but that the efforts of the union were concentrated largely on the plaintiff's plant because the plaintiff was most stubborn in regard to unionizing its plant; that the plant of the plaintiff was consistently picketed by four pickets, some or most of whom wore badges "Strike on;" that all persons approaching the plant were accosted by these pickets and informed of the strike, both persons seeking employment and customers.

Upon the hearing the court denied the motion of the defendants to vacate the temporary injunction; held ch. 211,

A. J. Monday Co. v. Automobile, A. & V. Workers, 171 Wis. 532.

Laws 1919, applicable; denied the plaintiff's motion to extend or amend the injunction; and modified it so as not to restrain picketing and patroling and guarding the streets. The court also changed the original injunctional order so as to permit the recommending, advising, and persuading of employees by peaceful and lawful means to abstain from working for the plaintiff, and by permitting the defendants, by recommending, advising, and persuading persons wishing to patronize or employ the plaintiff, by peaceful and lawful means, to cease to so patronize and employ the plaintiff.

From the order so modified the plaintiff appeals.

For the appellant there was a brief by *Lamfrom & Tighe*, attorneys, and *Leon B. Lamfrom* and *Marvin W. Wallach*, of counsel, all of Milwaukee, and oral argument by *Mr. Leon B. Lamfrom* and *Mr. Wallach*.

For the respondents there was a brief by *Joseph A. Padway*, attorney, and *A. W. Richter*, of counsel, both of Milwaukee, and oral argument by *Mr. Richter*.

ROSENBERRY, J.   It is the claim of the plaintiff that the court erred in refusing to extend the injunctional order of December 22d as requested, and that the court erred also in modifying it as hereinbefore indicated.   (The original order and the order as modified are printed in the margin.)[1]

---

[1] *Injunctional order.*

On reading the foregoing verified complaint of plaintiff herein and the affidavits thereto attached, and from which it appears that necessity exists therefor, and the plaintiff having given an undertaking as required by law in the sum of two hundred fifty dollars ($250), and on the motion of Lamfrom & Tighe, attorneys for plaintiff,

It is ordered that the defendants and each of them, their employees, servants, and agents, and all of the members of said *Automobile, Aircraft & Vehicle Workers of America, Local No. 25*, do absolutely desist and refrain from entering or attempting to enter the plaintiff's premises, consisting of its plant at No. 321-327 Fourth street, in the city of Milwaukee, county of Milwaukee, and state of Wisconsin, and from obstructing or attempting to obstruct the free passage of any employee or employees of your plaintiff or of the customers of your plaintiff, or of any persons

536    SUPREME COURT OF WISCONSIN.    [June

A. J. Monday Co. v. Automobile, A. & V. Workers, 171 Wis. 532.

In addition to the facts already stated, it appears by the verified complaint that the object of the strike was to compel plaintiff "to adopt what is known as the closed shop; that is to say, to force the plaintiff to enter into an agreement with said labor organization not to employ any employees who are not members of said labor union, and also for the

attempting to transact any business with your plaintiff, in going to and from plaintiff's premises, from in any wise threatening or using coercive language or coercion whatever, in order to induce any employees of plaintiff not to work for plaintiff, and from in any wise interfering with or annoying by act or words any such employee of plaintiff against his will in going to and from, or while engaged in such employment, and from interfering with or molesting in any manner whatsoever any person or persons other than the employees of the plaintiff who enter or attempt to enter or leave or attempt to leave the plaintiff's said premises for the purpose of transacting business with the plaintiff, and from entering its grounds and premises for the purpose of interfering with, hindering, or obstructing its business, or from compelling or inducing or attempting to compel or induce by threats, intimidations, annoying language, or acts of force and violence any of the employees of plaintiff to refuse or fail to perform their duties as such employees, and from compelling or inducing, or attempting to compel or induce by threats, intimidation, annoying language, or acts of force and violence, any of the employees of the plaintiff to leave the service of the plaintiff, or any customers of the plaintiff, or persons wishing to transact business with the plaintiff, from transacting such business with the plaintiff, and from preventing or attempting to prevent any person or persons by threat or intimidation, annoying language, or acts of force and violence from entering the service of the plaintiff, and from congregating at or near said premises of the plaintiff, or in the public highway for the purpose of intimidating plaintiff's employees or preventing them from rendering their services to plaintiff or for the purpose of preventing customers and persons from transacting business with the plaintiff, and from inducing by the payment of money or by promises to pay money or coercing by threats, annoying language, or acts said employees to break their contracts of employment with this plaintiff and to leave its employment, and from collecting either singly or in combination with others in and about the approaches of plaintiff's said plant or in the public highway, for the purpose of picketing or guarding the streets, highways, and approaches of the plaintiff's plant for the purpose of intimidating or coercing any of the plaintiff's employees in going to and from their work and the said premises of the plaintiff, and from congregating at or about any place in the city of Milwaukee, Wisconsin, for the purpose of intimidating, threatening, or coercing any person or persons seeking employment with the plaintiff, and from patroling or guarding the

A. J. Monday Co. v. Automobile, A. & V. Workers, 171 Wis. 532.

purpose of forcing the plaintiff to establish a union shop committee."

The question presented upon the motion was determined by the trial court upon the theory that the provisions of ch. 211, Laws 1919, were applicable to this case. The appeal here is taken mainly for the purpose of determining the constitutionality of that law, which is as follows:

"Section 1. A new section is added to the statutes to read: Section 1747ee. Nothing contained in the anti-trust laws

streets, highways, and approaches of plaintiff's said premises in any manner for the purpose of intimidating, coercing, or threatening customers of the plaintiff or persons desiring to do business with the plaintiff or to transact business with the plaintiff, from doing so, or from going, either singly or collectively, to the home of plaintiff's employees or any of them for the purpose of intimidating or coercing any of them to leave the service of the plaintiff, or to prevent any person by threat, intimidation, force, or violence from entering the service of this plaintiff, until the further order of this court.

Dated at Milwaukee, in the county of Milwaukee, this 22d day of December, 1919.                     MAX W. NOHL,
                Court Commissioner, Milwaukee, Wis.

*Order refusing to extend injunctional order.*

The above entitled action having come on to be heard before that branch of the above court presided over by the Honorable OSCAR M. FRITZ, circuit judge, upon the order to show cause of the plaintiff dated January 3, 1920, why the injunctional order of Max W. Nohl, court commissioner, Milwaukee county, Wisconsin, dated December 22, 1919, should not be changed and amended in the manner set forth in said order to show cause, and on the motion of the defendants, *Edward E. Newman, Fred Kloppenburg, Bernard N. Knueppel, Andrew Steinbach,* and *Michael, alias John Murphy,* to vacate the injunctional order granted by Max W. Nohl, court commissioner, in the above entitled matter on the 22d day of December, 1919; on the 5th, 6th, and 9th days of January, 1920, and the court having heard the evidence adduced, proofs offered, and the arguments of counsel, and being now fully advised in the premises,

It is ordered: First. That the order to show cause of the plaintiff, dated January 3, 1920, why the injunctional order of Max W. Nohl, court commissioner, Milwaukee county, Wisconsin, dated the 22d day of December, 1919, should not be changed and amended in the respects set forth in said order to show cause, be and the same is hereby denied.

Second. It is further ordered that the motion of the defendants, *Edward E. Newman, Fred Kloppenburg, Bernard N. Knuep-*

shall be construed to forbid the existence and operation of labor, agricultural, or horticultural organizations, instituted for the purpose of mutual help, and not having capital stock or conducted for profit or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof; nor shall such organizations, or the members thereof, be held or construed to be illegal combinations or conspiracies in restraint of trade, under the anti-trust laws. The labor of a human being is not a commodity or article of commerce.

---

pel, *Andrew Steinbach,* and *Michael, alias John Murphy,* to vacate said injunctional order of Max W. Nohl, court commissioner, dated December 22, 1919, be and the same is hereby denied.

Third. That the said injunctional order of Max W. Nohl, court commissioner, dated December 22, 1919, be changed and amended so that it shall read: "It is ordered that the defendants and each of them, their employees, servants, and agents, and all of the members of said *Automobile, Aircraft & Vehicle Workers of America, Local No. 25,* do absolutely desist and refrain from entering or attempting to enter the plaintiff's premises, consisting of its plant at No. 321-327 Fourth street, in the city of Milwaukee, county of Milwaukee, and state of Wisconsin, and from obstructing or attempting to obstruct the free passage of any employee or employees of your plaintiff, or of the customers of your plaintiff, or of any persons attempting to transact any business with your plaintiff, in going to and from plaintiff's premises, from in any wise threatening or using coercive language or coercion whatever, in order to induce any employees of plaintiff not to work for plaintiff, and from in any wise interfering with or annoying by act or words any such employee of plaintiff against his will in going to and from, or while engaged in, such employment, excepting by recommending, advising, or persuading such persons by peaceful and lawful means to abstain from working for the plaintiff, and from interfering with or molesting in any manner whatever any person or persons other than the employees of the plaintiff, who enter or attempt to enter, or leave or attempt to leave the plaintiff's said premises for the purpose of transacting business with the plaintiff, excepting by recommending, advising, and persuading such persons by peaceful and lawful means to cease to patronize or employ the plaintiff, and from entering its grounds and premises for the purpose of interfering with, hindering, or obstructing its business or from compelling or inducing, or attempting to compel or induce by threats, intimidations, annoying language, or acts of force and violence, any of the employees of plaintiff to refuse or fail to perform their duties as such employees, and from compelling or inducing, or attempting to compel or induce by threats, intimidation, annoying language, or acts of force and violence, any of the employees of the plaintiff to leave the service of the plaintiff, or any customers

A. J. Monday Co. v. Automobile, A. & V. Workers, 171 Wis. 532.

"Section 2. A new section is added to the statutes to read: Section 1747*ff*. 1. Working people may organize themselves into or carry on labor unions and other associations or organizations for the purpose of aiding their members to become more skilful and efficient workers, the promotion of their general intelligence, the elevation of their character, the regulation of their wages and their hours and conditions of labor, the protection of their individual rights in the prosecution of their trade or trades, the raising of funds for the benefit of sick, disabled, or unemployed members, or the families of deceased members, or for such other object or objects for which working people may lawfully combine, having in view their mutual protection or benefit.

"2. No restraining order or injunction shall be granted by any court of this state, or a judge or judges thereof, in any case between an employer and employee, or between employers and employees, or between employees, or between persons employed and persons seeking employment, involving, or growing out of, a dispute concerning terms or conditions of employment, unless necessary to prevent irreparable injury to property or to a property right of the party making the application, for which injury there is no adequate

---

of the plaintiff, or persons wishing to transact business with the plaintiff, from transacting such business with the plaintiff, and preventing or attempting to prevent any person or persons by threat or intimidation, annoying language, or acts of force and violence, from entering the service of the plaintiff, and from congregating at or near said premises of the plaintiff, or in the public highway, for the purpose of intimidating plaintiff's employees or preventing them from rendering their service to the plaintiff or for the purpose of preventing customers and persons from transacting business with the plaintiff, and from inducing by the payment of money, or by promises to pay money, or coercing by threats, annoying language, or acts, said employees to break their contracts of employment with this plaintiff, and to leave its employment, and from collecting, either singly or in combination with others, in and about the approaches of plaintiff's said plant or in the public highways."

Fourth. That the said injunctional order of the said Max W. Nohl, court commissioner, dated December 22, as amended and modified herein, shall stand *pendente lite*.

Fifth. That there be no costs to either party upon these motions.
Dated this 13th day of January, 1920.

    *By the Court:*            Oscar M. Fritz,
                                *Circuit Judge.*

remedy at law, and such property or property right must be described with particularity in the application, which must be in writing and sworn to by the applicant or by his agent or attorney.

"3. No such restraining order or injunction shall prohibit any person or persons, whether singly or in concert, from terminating any relation of employment, or from ceasing to perform any work or labor, or from recommending, advising, or persuading others by peaceful means so to do; or from attending at any place where any such person or persons may lawfully be, for the purpose of peacefully obtaining or communicating information, or from peacefully persuading any person to work or to abstain from working; or from ceasing to patronize or to employ any party to such dispute, or from recommending, advising, or persuading others by peaceful and lawful means so to do; or from paying or giving to, or withholding from, any person engaged in such dispute, any strike benefits or other moneys or things of value; or from peaceably assembling in a lawful manner, and for lawful purposes; or from doing any act or thing which might lawfully be done in the absence of such dispute by any party thereto; nor shall any of the acts specified in this paragraph be considered or held to be violations of any laws of this state."

Ch. 211 was an attempt to engraft upon the laws of this state certain provisions of the act of Congress of October 15, 1914 (38 U. S. Stats. at Large, 730, ch. 323), commonly known as the Clayton Act. This was done without any reference to the fundamental distinction between the power of Congress to regulate procedure in and limit the jurisdiction of federal courts, inferior to the United States supreme court, and the power of the legislature to regulate procedure and limit the jurisdiction of the courts created by the constitution of a state.

We shall not enter into any discussion of the provisions of ch. 211, the economic policies involved therein, or the constitutionality of that act, for we are of the opinion that it has no application to the facts in this case; hence any discussion here would be merely academic. The right of an

employer to exercise his constitutional privilege as to whom he will employ has been fully established in this state. *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 90 N. W. 1098.

The provisions of sec. 1, ch. 211, are simply declaratory of the law as it existed prior to its enactment. No one is here contending that *Local No. 25* is an illegal combination. No question of wages is involved, so the declaration of this section as to the character of labor is immaterial here. Sub. 1, sec. 2, provides that working people may organize themselves into an association for certain purposes there enumerated. The strike involved in this case was not called for the purpose of doing any of the things therein enumerated. It is a strike purely and simply for the closed shop. The closed shop does not aid the members of *Local No. 25* to become more skilful or efficient workers, to promote their general welfare, elevate their character, or to regulate their wages, hours, or conditions of labor in any except an indirect and remote way. It is conceded in this case that the plaintiff was paying the union scale of wages, and there is here no complaint as to the conditions under which the employees of the plaintiff were required to work. Sub. 2, sec. 2, provides that injunctions shall not issue in disputes "concerning terms or conditions of employment." In this case there is no such dispute. This is a strike to compel the plaintiff to employ none but the members of the union, and thereby to prevent him from employing persons not members of the union. It has nothing to do with wages, hours, or conditions of employment. Sub. 3, sec. 2, refers to the issuance of injunctions described in sub. 2. This case does not raise the question, so often considered by courts, of a strike for a lawful or an unlawful purpose. We think the trial court was in error in holding that ch. 211 applies to this case.

This case is here upon affidavits. There has been no trial; consequently none of the facts are found by the trial

A. J. Monday Co. v. Automobile, A. & V. Workers, 171 Wis. 532.

court. The trial court has made no determination of the issues in this case considered apart from the provisions of ch. 211.

Under such circumstances we think it better practice to permit the order appealed from to stand. Upon the *remittitur* being filed, if either side desires to test the matter further before trial it can be·done by renewing the motions, or the determination can be postponed to the end of the trial, when the facts are fully found.

We shall not attempt to discuss the general principles of law applicable, as it can only be done in connection with the facts. There having been no trial, the ultimate facts not being established, the discussion would for that reason probably be misleading. As has been said many times by this court, it is within the peculiar province of the trial court to determine the facts to which the law is to be applied. We do not have before us here a record which contains all of the evidence upon which the final determination of the facts must rest. In such a case the court, in some instances at least where the evidence strongly preponderates, will state the facts. Here there has been no trial. The record is incomplete.

*By the Court.*—The order appealed from is affirmed, neither party to recover costs in this court, except that appellant shall pay the clerk's fees.